```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

                    Plaintiff,

        -against-                                    MEMORANDUM AND ORDER
                                                     05 CR 401(S-1)-07 (ILG)
TRAVIS SCOTT,

                    Defendant.
-----------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 21 2011
BROOKLYN OFFICE

GLASSER, United States District Judge:

Travis Scott pled guilty on August 2, 2007, to Attempted Murder in Aid of Racketeering. He was sentenced on July 10, 2008, to a term of imprisonment for 51 months to be followed by a 3 year term of supervised release. On October 28, 2011, he pled guilty to violating a term of supervised release and was sentenced to imprisonment for a year and a day.

In an undated letter, received in Chambers on November 21, 2011, acting *pro se*, he moved to withdraw his plea and requested a notice of appeal from his conviction and sentence be filed. In the course of that letter he alleged the ineffective assistance of his counsel and requested that he be discharged. He also requested "all of [his] paperwork from beginning til now (court date 10-26-11)."

Although not framed as a motion, the Court may regard his ineffective assistance claim as one made pursuant to 28 U.S.C. § 2255. In that regard, Scott is hereby advised that if he agrees that I do and his motion is denied, he will be unable to file a second, successive petition pursuant to that section without first obtaining permission of the Court of Appeals, as provided in § 2255(h). If he does not agree that his motion be so considered, he should notify the Court to that effect and the motion will be deemed

withdrawn.

As to his request for all transcripts of all proceedings beginning with his plea of guilty in August 2007, 28 U.S.C. § 753(f) provides that copies of transcripts, records and other official documents shall be furnished without cost to a habeas petitioner under 28 U.S.C. § 2255 only upon a showing that the request is not frivolous and that the transcript is needed to decide a claim stated with sufficient specificity to enable the Court to determine the relevance and need for the transcripts. Having made no such showing or, indeed, stated no reason for requesting the "paperwork," his request is denied. See Barksdale v. United States, 1995 WL 116335 (E.D.N.Y. 1995); Crossley v. United States, 538 F.2d 508 (2d Cir. 1976).

SO ORDERED.

Dated: Brooklyn, New York
November 22, 2011

S/ILG

I. Leo Glasser